UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ANTHONY BRODZKI,

                      Plaintiff,

v.                                      Case No. 11-CV-1045-JPS

WALWORTH COUNTY,

                      Defendant.                 ORDER

       Anthony Brodzki, a *pro se* plaintiff, filed this suit against Walworth County on November 14, 2011. (Docket #1). In his complaint, Mr. Brodzki alleges a number of violations of his Constitutional rights resulting from harassment by the Walworth County sheriff. (Docket #1). Shortly after filing the complaint, Mr. Brodzki filed a motion for leave to proceed *in forma pauperis*. (Docket #2).

       For the reasons which follow, Mr. Brodzki's motion for leave to proceed in forma pauperis will be denied. At the same time, the court is obliged *sua sponte* to dismiss this case outright as frivolous and puts Mr. Brodzki on notice that the Court will impose appropriate monetary sanctions upon him should he continue to file frivolous actions in this district.

       The Court is entitled to dismiss a case if it determines that the action is frivolous. 28 U.S.C. § 1915(e)(2). Complaints are frivolous when they lack "an arguable basis either in law or in fact," and may be deemed so when based upon "fanciful" factual allegations. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). While the Court should not dismiss a *pro se* complaint simply because it finds the factual allegations made therein unlikely, when those alleged facts "rise to the level of the wholly irrational or the wholly incredible," the Court may deem the complaint containing those facts

frivolous and order that it be dismissed. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

Succinctly stated, Mr. Brodzki's complaint fits this standard of frivolousness to a "T." It contains fanciful facts that are both wholly irrational and wholly incredible; thus, the Court finds it only appropriate that Brodzki's complaint be summarily dismissed.

Beginning with the irrationality of Mr. Brodzki's allegations, the Court notes that, taken as a whole, the complaint makes absolutely no sense. Though Mr. Brodzki makes passing references to violations of his rights under the First, Fourth, Fifth, and Fourteenth Amendments, he offers no facts that would support his allegations. Furthermore, any facts that Mr. Brodzki has alleged fail to convey any set of events under which Mr. Brodzki would be entitled to relief. Between references to his past work history, discussions he claims to have had with lawyers and law professors, and allegations that the Walworth County Sheriff accused him of committing crimes in the past, Mr. Brodzki had failed to include any factual allegations of actual wrongdoing by state actors. As such, his claims may be best described as wholly irrational.

Perhaps more than irrational, though, Mr. Brodzki's claims are wholly—entirely, completely, totally, absolutely, patently, out-and-out (the Court would go on if the thesaurus would)—incredible. To be sure, Mr. Brodzki has become something more than a serial litigator: he is a gadfly to the courts and the federal judiciary as a whole, consuming valuable resources and time by repeatedly filing frivolous actions, each of which must be dealt with by judges and members of their staff who, undoubtedly, are already burdened with significant caseloads without the necessity of having to deal with the likes of Anthony Brodzki. The Court's research discloses that, in

little more than two years, Anthony Brodzki has filed more than 140 cases in 47 of the 94 judicial districts, with almost 100 of his cases having been filed in calendar year 2011 *alone*.[1]

Thus, his complaint in this case is incredible in both senses of the word: first, the complaint is the product of Mr. Brodzki's *absolutely astounding* feat to have found the time and effort to file a breathtaking number of civil actions in the federal courts; and, second, his complaint is plainly *not credible*. It is not credible, because the claims Mr. Brodzki make here are more than similar to the claims he has made in virtually all of his other cases, each of which gives every appearance of functioning as part of Mr. Brodzki's apparent pathological attraction to litigation.

Because the Court finds Mr. Brodzki's complaint wholly lacking both in terms of credibility and rationality, the action must be dismissed as frivolous. *Denton*, 504 U.S. at 33; 28 U.S.C. § 1915(e)(2).

Moreover, given the Court's obligation to dismiss Mr. Brodzki's complaint as frivolous, his motion for leave to proceed *in forma pauperis* must also be denied. Litigants may proceed *in forma pauperis* when a court determines that: (1) the litigant is unable to pay the costs of commencing the action; and (2) the action is not frivolous or malicious, states a claim upon which relief can be granted, and does not seek monetary damages against parties immune from such relief. 28 U.S.C. §§ 1915(a), (e)(2). Even assuming,

---

[1] Indeed, the PACER (Public Access to Court Electronic Records) data base (http://www.pacer.gov, last viewed on January 31, 2011) reports that, to date, Anthony Brodzki has filed 145 pro se civil cases in 47 of the 94 judicial districts. PACER further reports that 30 of these cases have been filed in district courts within the Seventh Circuit. Finally, PACER notes that Brodzki has taken appeals in 23 cases to seven of the eleven regional circuit courts of appeal, and that seven of Brodzki's appeals have been filed in the Seventh Circuit.

*arguendo*, that Mr. Brodzki is unable to pay the costs of commencing this action, his complaint is entirely frivolous, as discussed above. As such, he fails the second requirement to proceed *in forma pauperis*, and the Court is obliged to deny his motion to do so.

Finally, with this order the Court issues a stern warning to Mr. Brodzki: if he attempts to again file a frivolous complaint, like the one at hand, in the Eastern District of Wisconsin, the Court will not hesitate to impose monetary sanctions that will include a requirement that Mr. Brodzki pay the full $350 filing fee for each of the six frivolous cases he filed in this district—a total of $2,100.

The Court well appreciates the fact that access to the courts is one of the greatest rights the citizens of our nation hold. To gain that access, potential litigants need only supply a bit of work to compose their complaint and the cost of postage to get the complaint to the court. And once access is achieved, each and every litigant is certainly entitled to receive their day in court. Given his extensive filing history, Mr. Brodzki has quite obviously taken this notion to heart. But, while he is entitled to his day in court, unfortunately he is not entitled to the day—or, this case, perhaps "day*s*" would be the better word choice—of another litigant's day in court.

Thus, the Court will no longer tolerate Mr. Brodzki's frivolous filings in this district. While the Court will not strip him of his precious right to file here, the Court hopes its warning will appropriately deter Mr. Brodzki from his continued abuse of that right. In the event he is to file any additional frivolous matters in this Court, Mr. Brodzki will face the full brunt associated with his past filings, including assessment of the filing fee for each of those prior cases, together with such further sanctions as may be determined by the Court.

Accordingly,

IT IS ORDERED that the plaintiff's complaint (Docket #1) be and the same is hereby DISMISSED; and

IT IS FURTHER ORDERED that the plaintiff's Motion for Leave to Proceed *in forma pauperis* (Docket #2) be and the same is hereby DENIED.

The clerk is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 31st day of January, 2012.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge